Police used apparently illegal wiretaps to make hundreds of arrests

# Police used apparently illegal wiretaps to make hundreds of arrests

Brad Heath and Brett Kelman, USA TODAY   5:03 a.m. PST November 20, 2015



*(Photo: Unites States District Court)*

RIVERSIDE, Calif. — Prosecutors in the Los Angeles suburb responsible for a huge share of the nation's wiretaps almost certainly violated federal law when they authorized widespread eavesdropping that police used to make more than 300 arrests and seize millions of dollars in cash and drugs throughout the USA.

The violations could undermine the legality of as many as 738 wiretaps approved in Riverside County, Calif., since the middle of 2013, an investigation by USA TODAY and *The Desert Sun*, based on interviews and court records, has found. Prosecutors reported that those taps, often conducted by federal drug investigators, intercepted phone calls and text messages by more than 52,000 people.

Federal law bars the government from seeking court approval for a wiretap unless a top prosecutor has personally authorized the request. Congress added that restriction in the 1960s, when the FBI had secretly monitored civil rights leaders, to ensure that such intrusive surveillance would not be conducted lightly.

In Riverside County — a Los Angeles suburb whose court and prosecutors approved almost one of every five U.S. wiretaps last year — the district attorney turned the job of reviewing the applications over to lower-level lawyers, interviews and court records show. That practice almost certainly violated the federal wiretapping law and could jeopardize prosecutors' ability to use the surveillance in court.

"A district attorney is playing with gunpowder if he ignores the potential implications of letting somebody else handle the entire process. That's potentially catastrophic," said Clifford Fishman, a Catholic University of America law professor who studies wiretapping.

That also creates a legal problem for Riverside's massive wiretapping operation, which had come under scrutiny from Justice Department lawyers. Last week, USA TODAY and *The Desert Sun* reported that the U.S. Drug Enforcement Administration had secretly helped turn the county into the nation's wiretap capital (http://preview.usatoday.com/story/news/2015/11/11/dea-wiretap-operation-riverside-california/75484076/), even though federal prosecutors repeatedly warned that the surveillance orders violated a separate part of the wiretapping law and would not withstand a legal challenge.

Federal drug agents used information from Riverside wiretaps to make arrests as far away as Kentucky and Virginia, sometimes concealing the surveillance from judges and defense lawyers.

Buy Photo





Riverside County District Attorney Paul Zellerbach at a press conference on metal theft on February 18, 2014. Wiretaps in the county quadrupled under his administration. *(Photo: Crystal Chatham / The Desert Sun)*

Wiretaps in Riverside more than quadrupled under the county's former district attorney, Paul Zellerbach, who left office in January. Despite a federal court ruling that only the district attorney himself should usually approve wiretaps, Zellerbach said in two interviews over the past month that he could not recall having reviewed or personally authorized any of the county's wiretap applications and said he was unaware of the details of the requests. Instead, he said, he delegated that job to one of his assistants.

"I didn't have time to review all of those," Zellerbach said. "No way."

By: JEFFREY A. VAN W[AGENEN]
ASSISTANT DISTRICT A[TTORNEY]
COUNTY OF RIVERSIDE

For: PAUL E. ZELLERBA[CH]
DISTRICT ATTORNEY
COUNTY OF RIVERSIDE

A Riverside County wiretap application, approved by Assistant District Attorney Jeffrey Van Wagenen. *(Photo: Obtained by USA TODAY)*

Because wiretap applications are secret, it is difficult to gauge how often they were approved by other lawyers. A report based on information Zellerbach's office submitted to federal court administrators lists an assistant, Jeffrey Van Wagenen, as the person who authorized nearly all of the county's wiretap applications. Van Wagenen's signature appears on a sealed wiretap application approved last year by a Riverside County judge and obtained by USA TODAY. Van Wagenen, who left the office last year, said it would be inappropriate for him to comment.

Delegating that job poses a legal problem because federal law — which regulates wiretap applications even in state courts — carefully restricts who must approve a surveillance request. The U.S. Supreme Court ruled in 1974 (https://scholar.google.com/scholar_case?case=13882476521514079694&) that those restrictions were serious enough that it threw out wiretap evidence in a drug case because the surveillance had been approved by the wrong senior official at the U.S. Justice Department.

The federal 9th Circuit Court of Appeals reiterated that point in 2013 (https://www.documentcloud.org/documents/2516883-12-50063.html#document/p7/a262477) after federal prosecutors sought to use evidence from a wiretap police obtained from a state court in San Bernardino County, just north of Riverside. The prosecutor who signed off on the wiretap was not the county's district attorney, Mike Ramos, but one of his deputies. That, the appeals court ruled, wasn't good enough: Wiretaps had to be signed by the district attorney himself unless he had turned over all of his powers to someone else while he was away from the office.

Since this decision, Ramos has begun signing all wiretap applications himself and urged other district attorneys to do the same. "This is our responsibility. We are talking about people's rights, the Fourth Amendment, cartels, drugs, gangs. It should be handled by the elected DA," he said.

Riverside County's new district attorney, Mike Hestrin, who replaced Zellerbach in January, instituted a similar policy. Hestrin said the 9th Circuit ruling makes clear that district attorneys have a "legal obligation" to approve wiretaps themselves, but his office will defend his predecessor's wires if they are challenged in court.

Ramos said in interviews that he warned Zellerbach about the implications of the 9th Circuit's decision. "We had a conversation about wiretaps, and he said that he had so many that it would be impossible for him to sign them all," Ramos said.

Records and interviews show no evidence that Zellerbach changed his approach. Records from the federal court administrative office show Riverside prosecutors obtained at least 738 wiretaps in the years after the appeals court's decision. They identify Van Wagenen as the person who authorized nearly all of the surveillance applications.

The scope of those apparent violations is "staggering," said defense lawyer Michael Garey, and the ramifications are "endless."

Riverside County District Attorney Mike Hestrin said he made a "series of reforms" to how county prosecutors handle wiretaps after he took office in January. *(Photo: Jay Calderon/The Desert Sun)*

"And what I mean by endless is, if you have a wiretap authorization that is invalid, all of the material that is obtained as a result of that wiretap is subject to suppression," he said, "and anything derived from that material is also subject to suppression."

American Civil Liberties Union lawyer Nathan Wessler said Riverside prosecutors should warn agencies that made use of the wires that the surveillance may have been illegal and notify the people whose conversations were recorded, even if they were never arrested as a result. "They should know that these were illegally obtained," he said.

## AMERICA'S WIRETAP CAPITAL

A county court in Riverside, Calif. authorized far more police eavesdropping than any other court in the USA. Much of it was sought by federal drug agents.

Shown below are the 30 jurisdictions with the most wiretaps in the USA. Hover or tap for details

Source: Administrative Office of the U S Courts
Credit: Brad Heath, Mitchell Thorson, USA TODAY

The 9th Circuit's decision left one exception: Lower-level officials can authorize wiretaps if the district attorney is "absent" and authorizes another lawyer in the office to act in his place.

Zellerbach said he "often was absent" because his job required him to travel across a county that stretches from the Los Angeles suburbs to the Arizona border.

Still, records show Riverside prosecutors routinely requested wiretaps on days when he was working. Federal court records show prosecutors applied for five wiretaps Feb. 18, 2014, for example, when Zellerbach appeared at a news conference to talk about metal thefts. The next week, prosecutors applied for nine more wiretaps on a day when Zellerbach's office posted a photo on Twitter of him meeting with a delegation of Chinese officials in his office conference room. In each case, reports by the federal court administrative office list Van Wagenen, not Zellerbach, as the person who approved the surveillance.

> DA Zellerbach speaks w/officials from the People's Procuratorate of Sichuan Province in China who visited Riverside. pic.twitter.com/yAnUKR85x8 (http://t.co/yAnUKR85x8)
> — Riverside DA Office (@RivCoDA) February 27, 2014 (https://twitter.com/RivCoDA/status/439136956883017728)

Zellerbach declined to answer questions about his office's approval of wiretap applications. "I did nothing wrong other than have my office assist law enforcement in their effort to obtain a wiretap," he said Thursday.



It is impossible to know how often prosecutors in other jurisdictions improperly turned the job of approving wiretaps over to lower-level attorneys because those orders almost always remain secret. In submissions to the federal courts' administrative office, Los Angeles prosecutors reported that hundreds of wiretaps had been approved by the head of the office's drug crimes unit, not the district attorney. A spokesman said the information in those reports was incorrect.

Ramos, the president-elect of the National District Attorneys Association, said he planned to raise the issue with other top prosecutors at a meeting this week.

*Kelman also reports for The (Palm Springs, Calif.) Desert Sun. Contributing: Mark Hannan in McLean, Va.*

San Bernardino County District Attorney Mike Ramos, pictured at a press conference, said he cautioned his counterparts in Riverside County about the need to personally approve wiretap requests. *(Photo: James Quigg, AP)*

Read or Share this story: http://usat.ly/1O6Q0PR

**MORE STORIES**



Halloween scared up hotel biz in Oct. (/story/news/2015/11/20/hotel-occupancy-coachella-valley/76074128/)
(/story/news/2015/11/20/hotel-occupancy-coachella-valley/76074128/)
Nov. 20, 2015, 8:02 a.m.



Blackhawks prep Thanksgiving lunch for first responders (/story/news/education/2015/11/20/blackhawks-prep-thanksgiving-lunch-first-responders/76077714/)
(/story/news/education/2015/11/20/blackhawks-prep-thanksgiving-lunch-first-responders/76077714/)
Nov. 20, 2015, 7:38 a.m.



6 Reasons You May Be Forgetting Your Keys (/story/sponsor-story/desert-regional-medical-center/2015/11/15/desert-regional-forgetting-dementia/75817446/)
(/story/sponsor-story/desert-regional-medical-center/2015/11/15/desert-regional-
Nov. 14, 2015, 9:31 p.m.