# United States District Court
## Western District of Kentucky
LOUISVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>V.<br>**Eddie Whitfill** | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **3:15-CR-99-6-DJH**<br>US Marshal No: **18262-033**<br>Counsel for Defendant: **Patrick J. Renn, Retained**<br>Counsel for the United States: **Larry E. Fentress, Asst. U.S. Atty.**<br>Court Reporter: **Dena Legg** |

**THE DEFENDANT:**

☒ **Pursuant to a Rule 11(c)(1)(C) plea agreement on November 16, 2016.**

☒ **Pleaded guilty to count 1 of the Superseding Information, knowingly, willingly and voluntarily on November 16, 2016.**

☐ Pleaded nolo contendere to count(s) which was accepted by the court.

☐ Was found guilty on count(s) after a plea of not guilty

**ACCORDINGLY**, the Court has adjudicated that the defendant is guilty of the following offense(s):

| **Title / Section and Nature of Offense** | **Date Offense Concluded** | **Count** |
|---|---|---|
| **FOR CONVICTION OFFENSE(S) DETAIL - SEE COUNTS OF CONVICTION ON PAGE 2** | | |

The defendant is sentenced as provided in pages  2  through  6  of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ **Count(s) 1-2 of the Superseding Indictment are dismissed on the motion of the United States.**

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and the United States Attorney of any material change in the defendant's economic circumstances.

 3/8/2017
Date of Imposition of Judgment

**David J. Hale, Judge**
**United States District Court**

March 9, 2017

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 1A

Judgment-Page  2  of  6 

DEFENDANT: **Whitfill, Eddie**
CASE NUMBER: **3:15-CR-99-6-DJH**

# COUNTS OF CONVICTION

| Title / Section and Nature of Offense | Date Offense Concluded | Count |
|---|---|---|
| 18:4 Misprision of a Felony | 6/2015 | 1s |

USDC KYWD 245B (Rev. 02/16) Judgment in a Criminal Case Sheet 1A

DEFENDANT: **Whitfill, Eddie**
CASE NUMBER: **3:15-CR-99-6-DJH**

DEFENDANT: **Whitfill, Eddie**
CASE NUMBER: **3:15-CR-99-6-DJH**

# PROBATION

You are hereby sentenced to probation for a **term of 5 years as to Count 1 of the Superseding Information.**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☒ **The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.**
4. ☒ **You must cooperate in the collection of DNA as directed by the probation officer.**
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.)as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.
6. ☐ You must participate in an approved program for domestic violence.
7. ☐ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664.
8. You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: **Whitfill, Eddie**
CASE NUMBER: **3:15-CR-99-6-DJH**

# STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

Judgment-Page  5  of  6

DEFENDANT: **Whitfill, Eddie**
CASE NUMBER: **3:15-CR-99-6-DJH**

# CRIMINAL MONETARY PENALTIES

    The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | **$ 100.00** | | |

☒ **The fine and the costs of incarceration and supervision are waived due to the defendant's inability to pay.**

☐ The determination of restitution is deferred until          . An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☒ **Restitution is not an issue in this case.**

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | ** **Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order Or Percentage Of Payment** |
|---|---|---|---|
| | | | |

☐ If applicable, restitution amount ordered pursuant to plea agreement. . . . . $

☐ The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. 3612(f). All of the payment options on Sheet 5, Part B may be Subject to penalties for default and delinquency pursuant to 18 U.S.C. 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived for the    ☐ Fine and/or    ☐ Restitution

☐ The interest requirement for the    ☐ Fine and/or    ☐ Restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: **Whitfill , Eddie**
CASE NUMBER: **3:15-CR-99-6-DJH**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☒  **Lump sum payment of $100 due immediately, balance due**

☐ not later than                    , or

☐ in accordance with C, D, or E below); or

B  ☐  Payment to begin immediately (may be combined with C, D, or E below); or

C  ☐  Payment in    (E.g. equal, weekly, monthly, quarterly) installments of $
       Over a period of    (E.g. months or years) year(s) to commence    (E.g., 30 or 60 days)
       after          The date of this judgment, or

D  ☐  Payment in    (E.g. equal, weekly, monthly, quarterly) installments of $
       Over a period of    (E.g. months or years) year(s) to commence    (E.g., 30 or 60 days)
       after          Release from imprisonment to a term of supervision; or

E  ☐  Special instructions regarding the payment of criminal monetary penalties:

   Any balance of criminal monetary penalties owed upon incarceration shall be paid in quarterly installments of at least $25 based on earnings from an institution job and/or community resources (other than Federal Prison Industries), or quarterly installments of at least $60 based on earnings from a job in Federal Prison Industries and/or community resources, during the period of incarceration to commence upon arrival at the designated facility.

   Upon commencement of the term of supervised release, the probation officer shall review your financial circumstances and recommend a payment schedule on any outstanding balance for approval by the court.  Within the first 60 days of release, the probation officer shall submit a recommendation to the court for a payment schedule, for which the court shall retain final approval.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons Inmate Financial Responsibility Program, are to be made to the United States District Court, Gene Snyder Courthouse, 601 West Broadway, Suite 106, Louisville, KY 40202, unless otherwise directed by the Court, the Probation Officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Defendant and Co-Defendant Names and Case Numbers *including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.